Mr. B.C. McClellan obtained a policy from the Aetna Casualty 
Surety Company of Hartford, Conn., which we shall hereafter call the insurer, known as a "Standard Workmen's Compensation and Employers' Liability Policy". The policy contained a "voluntary Compensation endorsement" reading in part as follows:
"Voluntarily pay to Employees injured in the course of their employment and covered by said policy — such amounts as would be payable according to the Louisiana Workmen's Compensation Law, including the cost of such medical, surgical and hospital treatment as is provided in said law, even though such persons may not have a legal claim under said compensation law against this employer."
Eugene F. Lyons, Jr., was employed by Mr. McClellan shortly after the policy referred to was issued, and was injured when he fell on some boxes and broke his arm. He brought this suit against the insurer for $609.19, representing compensation for twenty-three weeks at the rate of $16.25 per week, plus $235.44, for medical and hospital expenses.
The insurer filed an exception of no right or cause of action which was overruled and answered denying liability upon the ground that the plaintiff was not within the coverage of the policy issued to McClellan.
There was judgment below dismissing plaintiff's suit and he has appealed.
The plaintiff's claim is based upon the "Voluntary Compensation Endorsement" heretofore referred to. The policy contains a "declaration" which sets forth the coverage of the policy as "one private chauffeur, two inservants, expense constant".
Mr. McClellan bought a bankrupt brewery and employed the plaintiff, a former employee of the brewery, in certain salvage operations involving the disposal of bottles, boxes, etc., which he acquired by purchase of the brewery at the bankrupt sale, and it was while discharging his duties in this capacity that plaintiff was injured. It is true that he occasionally drove Mr. McClellan, although the testimony is that Mr. McClellan employed two other individuals as chauffeurs.
As we have said, the policy covered one chauffeur, two inservants and expense constant. We are not sure we understand what is meant by "expense constant", though we have had it explained to us.
Counsel for plaintiff combatting the contention that the coverage of the policy is limited to the classification of employees named therein, calls our attention to the following provisions of the policy:
"Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town, or City, with Street and No. 20 Audubon Place, New Orleans, La., and elsewhere in the State of Louisiana.
"All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following DIVISIONS as are undertaken by this employer. 1. All industrial operations upon the premises. 2. All office forces. 3. Operations not on the premises."
They argue that it is apparent from a perusal of this language that the policy was intended to include all the employees of Mr. McClellan whether mentioned in the policy or not.
The address No. 20 Audubon Place mentioned in the policy is Mr. McClellan's residence and this policy was obviously intended to cover his domestic servants, though prepared on a form appropriate to industrial and commercial establishments. The result is that some ambiguity and confusion is evident. For example, there are no factories, shops or yards at #20 Audubon Place. Just what the phrase "operations not on the premises" means is not clear, but we take it to apply to the activities of the chauffeur mentioned in the classification of employees.
There is also a provision in the policy which counsel claims indicates unrestricted coverage of all the employees of Mr. McClellan. This provision reads as follows:
"This Employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated; any such covered at required rates."
We do not know what this clause means as applied to this policy. There is no business *Page 186 
mentioned in the policy and no reference to any business operations. It is clear to our minds, however, that the only individuals covered by the policy were those mentioned in it, that is to say, a chauffeur and two inservants. The plaintiff was neither a chauffeur nor an inservant, therefore, he is not covered by the policy.
Since plaintiff is not within the coverage of the policy, there is no occasion to discuss the voluntary compensation provision of the policy.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.